UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60262-Civ-MARRA/JOHNSON

MATILDE ATIZOL

　　　　Plaintiff

vs.

AMERICAN EXPRESS TRAVEL
RELATED SERVICES COMPANY,
INC., et al.

　　　　Defendants.
_____/

**OMNIBUS ORDER AND OPINION**

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2), (5) and (6) [DE 3]; Defendants' Motion to Strike Paragraph 61, Subparagraphs (M) Through (V) of Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(F) [DE 4]; Plaintiff's Motion to Amend Pleadings [DE 23]; Plaintiff's Motion For Summary Judgment [DE 50]; and Defendant's Motion to Strike Plaintiff's Motions For Summary Judgment and Response in Opposition to Plaintiff's Motions For Summary Judgment [DE 65].  The Court has carefully considered the motions and is otherwise fully advised in the premises.

**Motion to Dismiss**

In this action, Plaintiff named American Express Travel Related Services Company, Inc. ("American Express") and 17 individual defendants.  Each individual defendant (collectively, the "Individual Defendants") moves to dismiss Plaintiff's

Complaint (1) for insufficiency of service of process; (2) for failure to allege the basis for personal jurisdiction; and (3) because Title VII, the Americans With Disabilities Act ("ADA"), and the Florida Civil Rights Act ("FCRA") do not permit individual liability against corporate employees (as alleged in Counts I, III, IV, and IV).

Count I

In Count I of her Complaint, Plaintiff alleges discrimination and retaliation under the ADA and FRCA against American Express and the individual defendants Jeannette Harrison ("Harrison"), Thomas Bollinger ("Bollinger"), Scherjang Singh ("Singh"), Marcel Mendez ("Menendez") and Irene Bollebacher ("Bollenbacher"), all of whom are alleged to be American Express employees.  The individual defendants named assert this count should be dismissed because the ADA and the FCRA do not provide a basis for imposing liability against individual employees.  This is a correct statement of the law.  *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (the ADA's definition of employer does not countenance individual liability under either its anti-discrimination or its anti-retaliation provisions), *citing Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) and *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1166 n.5 (11th Cir. 2003); *Paris v. City of Coral Gables*, 951 F.Supp 1584, 1585 (S.D. Fla. 1995) (Florida Civil Rights Act does not allow claims against individual defendants in their individual capacity).  Thus, defendants Harrison, Bollinger, Singh, Menendez, and Bollenbacher are properly dismissed with prejudice from Count I pursuant to Federal Rule of Civil Procedure  12(b)(6).

<u>Count III</u>

In Count III of her Complaint, Plaintiff alleges a sexually hostile work environment under Title VII against American Express and the individual defendants Wayne Tallman ("Tallman"), Singh, Menendez, Bollenbacher, Eric Leff ("Leff"), Glaister Newman ("Newman"), Juan Rivero ("Rivero"), Jayne Suthrest ("Suthrest"), Jennifer Tavares ("Tavares"), Tammie Rodriguez ("Rodriguez"), Brandie Colon ("Colon"), Michelle Swartz ("Swartz"), Joann Sansone-Delcueto ("Sansone-Delcueto"), Kathryn Vogler ("Vogler"), Bollinger, and Harrison.  These individual defendants move to dismiss Count III because individual employees are not "employers" within the meaning of Title VII and cannot be held liable under Title VII. Again, this is a correct statement of the law.  The law in the Eleventh Circuit is clear: Individual capacity suits under Title VII are inappropriate.  *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006).  Thus, defendants Tallman, Singh, Menendez, Bollenbacher, Leff , Newman, Rivero, Suthrest, Tavares, Rodriguez, Colon, Swartz, Sansone-Delcueto, Vogler, Bollinger, and Harrison are properly dismissed with prejudice from Count III pursuant to Federal Rule of Civil Procedure 12(b)(6).

<u>Count IV</u>

Count IV of Plaintiff's Complaint is brought pursuant to Title VII and the FCRA and alleges "religious discrimination" against American Express and the individual defendants Tallman, Singh, Menendez, Bollenbacher, Leff, Newman, Rivero, Suthrest, Tavares, Rodriguez, Colon, Swartz, Sansone-Delcueto, Vogler, Bollinger, Harrison, and

Nin.  Movants assert Plaintiff's claims against each individual defendant in Count IV should be dismissed because there is no individual liability under Title VII and the FCRA.  As discussed above, this is a correct statement of the law.  Thus, Defendants Tallman, Singh, Menendez, Bollenbacher, Leff, Newman, Rivero, Suthrest, Tavares, Rodriguez, Colon, Swartz, Sansone-Delcueto, Volger, Bollinger, Harrison, and Nin are properly dismissed with prejudice from Count IV pursuant to Fed. R. Civ. P. 12(b)(6).

Count V

Count V of Plaintiff's Complaint is brought pursuant to Title VII and the FCRA and alleges retaliation by American Express and the individual defendants Tallman, Singh, Menendez, Bollenbacher, Leff, Newman, Rivero, Suthrest, Tavares, Rodriguez, Colon, Swartz, Sansone-Delcueto, Volger, Bollinger, Harrison, and Nin.  Movants assert Plaintiff's claims against each individual defendant in Count V should be dismissed because there is no individual liability under Title VII and the FCRA.  As discussed above, this is a correct statement of the law.  Thus, Defendants Tallman, Singh, Menendez, Bollenbacher, Leff, Newman, Rivero, Suthrest, Tavares, Rodriguez, Colon, Swartz, Sansone-Delcueto, Volger, Bollinger, Harrison, and Nin are properly dismissed with prejudice from Count V pursuant to Federal Rule of Civil Procedure 12(b)(6).

This leaves one remaining count, Count II, made pursuant to the Family and Medical Leave Act, pending against individual defendants Harrison, Bollinger, Singh, Menendez and Bollenbacher.

Service of Process

It appears that when the complaint was filed in state court, American Express was served by the Broward County Sheriff's Office, and the Individual Defendants were served via certified mail.  DE 1, Ex. A.  Rule 4(e) of the Federal Rules of Civil Procedure provides, in relevant part, that service of process upon an individual located within the United States may be accomplished in one of two ways: (1) pursuant to the law of the state in which the district court is located or in which service is effected, or (2) by personally delivering a copy of the summons and complaint to that individual or by leaving copies thereof at the individual's "dwelling house or usual place of abode" with a person of suitable age and discretion residing there.  *See* Fed.R.Civ.P. 4(e)(1)-(2).

Service by certified mail is generally insufficient under Florida law.  *See* Fla. R. Civ. P. 1.070; *Transport & General Ins. Co. v. Receiverships of Ins. Exchange of the Americas, Inc.,* 576 So.2d 1351, 1352 (Fla. Dist. Ct. App. 1991) ("There is no statutory authority, or authority under Rule 1.070, Florida Rules of Civil Procedure, for serving appellant only by certified mail, as was done here"); *Hicks v. City of Hialeah*, 647 So.2d 984 (Fla. Dist. Ct. App. 1994) (service of process by certified mail ineffective); *Paredes v. Cochran*, 666 So.2d 991 (Fla. Dist. Ct. App. 1996) (same).

There must be authorization of some kind if service by mail in lieu of personal service is to be effective.  Plaintiff has not cited any such authorization in her complaint, she has not responded to the instant motion, and she does not appear to

be proceeding *in forma pauperis*.  Moreover, other than by consent,[1] which is clearly

not given in this case, "there is no provision for service of process ... by certified

mail" for individual defendants under federal law.  *See Taylor v. Bailey*, 06-CV-1729,

2006 WL 3191185, at *2 (N.D. Ga. Oct. 30, 2006).  Thus, Plaintiff's attempt to effect

service on the Individual Defendants via certified mail is not in compliance with

Florida law or Federal Rule of Civil Procedure 4(e).  Inasmuch as the Individual

Defendants have not been properly served under the federal or state rules, the

motion to dismiss the remaining count (Count II) of the Complaint as to each

Individual Defendant will be granted without prejudice.

Basis For Personal Jurisdiction

        Individual Defendants also argue that the Complaint fails to allege either a

factual or statutory basis for jurisdiction over them.  Individual Defendants are

correct regarding the complaint's shortcomings, but the case law cited in support of

this proposition addresses the issue when the defendant is not a resident of Florida.

It is likely the Individual Defendants are Florida residents, but this fact is simply not

---

        [1] While Rule 1.070(i) of the Florida Rules of Civil Procedure does provide that a
defendant "may" accept service of the complaint by mail, that is only if the
defendant consents and waives personal service.  Similarly, under Rule 4(d) of the
Federal Rules of Civil Procedure, a defendant may waive personal service and accept
process by mail if the defendant consents upon request.  However, there is no
indication here that Plaintiff asked the Individual Defendants, or that the Individual
Defendants agreed, to waive personal service and accept the complaint by mail under
Fla. R. Civ. P. 1.070(i)(2) or Fed.R.Civ.P. 4(d).

alleged.  In filing her Amended Complaint, with respect to individuals against whom she wishes to proceed, Plaintiff is directed to state the contacts those defendants have with the state of Florida.  For those who are residents of Florida, making that allegation would be sufficient.  For those who are not residents of the state of Florida, specific allegations of the contacts those defendants have had with the state of Florida must be set forth in the Amended Complaint.

<u>Leave to Amend</u>

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely granted when justice so requires."  Therefore, in accordance with the usual practice upon granting a motion to dismiss, leave to replead those counts that are dismissed herein without prejudice will be permitted.

<u>Conclusion</u>

According to the reasons stated above, it is hereby

ORDERED AND ADJUDGED as follows:

1.     Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2), (5) and (6) **[DE 3] is GRANTED as follows**:

      a)     All Individual Defendants are dismissed from Counts I, III, IV, and V, with prejudice, because as individuals, they do not fall within the defintion of "employer" under Title VII, the ADA, and the FCRA.

      b)     All Individual Defendants are dismissed without prejudice from

Count II for insufficient service of process.

c)     Plaintiff is directed to more clearly allege the basis for this

Court's exercise of personal jurisdiction over the Individual

Defendants.

2.     Defendants' Motion to Strike Paragraph 61, Subparagraphs (M) Through

(V) of Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure

12(F) **[DE 4] is GRANTED**.  In the Amended Complaint, Plaintiff shall not

include any allegations about supposed conduct and statements of

American Express during the mediation conference.

3.     Plaintiff's Motion to Amend Pleadings **[DE 23] is DENIED without**

**prejudice**.  Plaintiff may included in the Amended Complaint any valid

claims she believes she has.

4.     Plaintiff's Motion For Summary Judgment **[DE 50] is STRICKEN as moot**

due to the Complaint being dismissed and the necessity of Plaintiff to

file an Amended Complaint.  Moreover, Plaintiff's motion fails to comply

with the applicable rules of procedure, and is devoid of any basis in fact

or law which would establish her entitlement to summary judgment on

her claims, i.e., that there is no genuine issue as to any material fact

regarding the claims stated in her complaint and that she is entitled to

judgment as a matter of law.[2]

5.      Defendant's Motion to Strike Plaintiff's Motions For Summary Judgment

and Response in Opposition to Plaintiff's Motions For Summary Judgment

**[DE 65] is GRANTED** in part.  As ordered above, DE 50 is stricken as

moot.  Plaintiff's Response to Defendant's Motion to Compel to

Deposition Questions, Motion For Summary Judgment [DE 56] has

properly not been docketed as a motion and should not be considered by

American Express as a motion for summary judgment.  If Plaintiff

intended DE 56 to be a motion for summary judgment, she has the

opportunity to file a proper motion after she has amended her

complaint.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 25th day of November, 2008.

KENNETH A. MARRA
United States District Judge

copies to:
All counsel of record
Matilde Atizol, pro se
Judge Johnson

---

[2]  Plaintiff may wish to consult Federal Rule of Civil Procedure 56, Southern District of Florida Local Rule 7.5, and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Local Rule 7.5 requires that "[m]otions for summary judgment shall be accompanied by a memorandum of law, necessary affidavits, and a concise statement of the material facts as to which the movant contends there exists no genuine issue to be tried."  S.D. Fla. L.R. 7.5.A.